

**Signed March 22, 2013.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**
_____

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KRISTEN DIANE DURNAL-FARHAT | § | Case No. 12-12017-HCM |
|     Debtor. | § | (Chapter 7) |
| | § | |
| SARA ACOSTA, | § | |
|     Plaintiff | § | Adv. No. 12-01176-HCM |
| | § | |
| vs. | § | |
| | § | |
| KRISTEN DIANE DURNAL-FARHAT | § | |
|     Defendant. | § | |

### MEMORANDUM OPINION AND ORDER
### GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    This adversary proceeding has been brought by plaintiff Sara Acosta ("Plaintiff") against debtor and defendant Kirsten Diane Durnal-Farhat ("Defendant"). Plaintiff-creditor filed this adversary proceeding seeking a determination that damages sustained by Plaintiff as a result of a dog bite are a non-dischargeable debt of Defendant-debtor under 11 U.S.C. §523(a)(6). Defendant has filed a Motion for Summary Judgment. For the reasons stated in this Memorandum Opinion, the Court grants the Motion for Summary Judgment ("Motion") (dkt. no. 10) filed by Defendant.

1

## I. PROCEDURAL BACKGROUND

On December 3, 2012, Plaintiff initiated this adversary proceeding by filing her Complaint for Determination that Debt is Non-Dischargeable ("Complaint") (dkt. no. 1). In the Complaint, Plaintiff alleges that Defendant is indebted to her for damages resulting from injuries allegedly inflicted by Defendant's dog—a Labrador Retriever. Through the Complaint, Plaintiff requests the Court to determine that this debt has not been discharged in Defendant's Chapter 7 bankruptcy case under §523(a)(6) of the Bankruptcy Code. On December 28, 2012, Defendant filed her Answer to Complaint with Counterclaim ("Answer") (dkt. no. 6). In general, in her Answer, Defendant denied that there exists any such debt to Plaintiff, or, in the alternative, that such debt was discharged as debts arising from negligent dog bites do not fall under the exception to discharge provided by §523(a)(6) of the Bankruptcy Code.

On February 8, 2013, Defendant filed a Motion for Summary Judgment (herein "Motion") (dkt. no. 10). On March 3, 2013, Plaintiff filed her Response to the Motion with exhibits ("Response") (dkt. no. 14). On March 14, 2013, Defendant filed her Reply to the Response ("Reply")(dkt no. 15).

## II. JURISDICTION

The Court has jurisdiction over this adversary proceeding under 28 U.S.C §157 and §1334. This adversary proceeding is a "core proceeding" under 28 U.S.C. §157(b)(2)(I), and the Court is authorized to enter a final judgment in this adversary proceeding under 28 U.S.C. §157(b)(1).

## III. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure ("FRCP"), which governs a motion for summary judgment, is incorporated into Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

Summary judgment is appropriate when a movant (here Defendant) shows that no genuine issue of material fact exists and that movant is entitled to judgment as a matter of law. *See* FRCP 56(a); *Piazza's Seafood World, LLC v. Odom,* 448 F.3d 744, 752 (5th Cir. 2006); *Placid Oil Co. v. Williams (In re Placid Oil Co.),* 450 B.R. 606, 612 (Bankr. N.D. Tex. 2011). A genuine issue of material fact is present when the evidence is such that a reasonable fact finder could return a verdict for the non-movant (here Plaintiff). *Piazza's Seafood,* 448 F.3d at 752 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). Material facts are those that could affect the outcome of the action. *Wyatt v. Hunt Plywood Co., Inc.,* 297 F.3d 405, 409 (5th Cir. 2002), *cert. denied,* 537 U.S. 1188 (2003).

In the summary judgment context, the court should view evidence in a light most favorable to the non-moving party (here Plaintiff). *Piazza's Seafood,* 448 F.3d at 752. Factual controversies should be resolved in favor of the non-movant. *Little v. Liquid Air*

2

*Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). If the movant satisfies its burden, the non-movant must then come forward with specific evidence to show that there is a genuine issue of material fact. *Placid Oil,* 450 B.R. at 613 (citing *Ashe v. Corley,* 992 F.2d 540, 543 (5th Cir.1993)). The non-movant may not merely rely on conclusory allegations or the pleadings; rather, it must demonstrate specific facts identifying a genuine issue to be tried in order to avoid summary judgment. *See* FRCP 56(c)(1); *Piazza's Seafood,* 448 F.3d at 752; *Placid Oil,* 450 B.R. at 613.

## IV. UNDISPUTED MATERIAL FACTS

Based on the summary judgment record, the following material facts are not in genuine dispute:

Plaintiff filed a complaint against Defendant in Travis County state court on October 27, 2010. On August 31, 2012, Defendant, as debtor, filed a petition under Chapter 7 of the Bankruptcy Code in this Court, bankruptcy case no. 12-12017. On December 6, 2012, Defendant, as debtor, received her Chapter 7 bankruptcy discharge under §727 of the Bankruptcy Code. *See* Defendant's Bankruptcy case no. 12-12017 (dkt. nos. 1, 7). On December 3, 2012, Plaintiff initiated an adversary proceeding in this Court by filing her Complaint to determine that debt alleged in the state court suit was non-dischargeable in bankruptcy under §523(a)(6) of the Bankruptcy Code (dkt no. 1).

The facts alleged in Plaintiff's Complaint are essentially the same as those alleged in her state court complaint. In short, Plaintiff alleges that Defendant's dog (a Labrador Retriever) attacked and injured her on or about July 23, 2010, that the dog's attack was unprovoked by Plaintiff, and that Defendant knew that the dog was aggressive due to alleged previous incidents in which the dog had bitten others. *See* Complaint; Response (dkt. no. 1, ¶3; dkt. no. 14, Ex. B, C, D). Plaintiff seeks damages based on several negligence-based causes of action, including gross negligence. *See* Complaint; Response (dkt. no. 1, ¶3; dkt no. 14, Ex. B, ¶¶ IV-XIII). Plaintiff further seeks a determination that the debt caused by her injuries are non-dischargeable under §523(a)(6) of the Bankruptcy Code.

## V. LEGAL ANALYSIS

The primary disputed issue for this Court to determine is whether the damages asserted by Plaintiff against Defendant are non-dischargeable in Defendant's Chapter 7 bankruptcy case under §523(a)(6) of the Bankruptcy Code.

In general, §727 of the Bankruptcy Code permits the discharge of debts of a debtor in a Chapter 7 bankruptcy case, but contains several exceptions. One of the exceptions to discharge are for debts for "willful and malicious injury" by a debtor, under §523(a)(6) of the Bankruptcy Code. *See* 11 U.S.C. §727(b); *Williams v. Int'l Brotherhood* (*In re Williams*), 337 F.3d 504, 509 (5th Cir. 2003).

3

In pertinent part, §523(a)(6) of the Bankruptcy Code provides:

> **(a)** A discharge under section 727… of this title does not discharge an individual debtor from any debt--
>
> **(6)** for *willful and malicious* injury by the debtor [Defendant] to another entity [Plaintiff] or to the property of another entity;

11 U.S.C. §523(a)(6) (emphasis added)[added].

Through the Motion, Defendant takes the position that any debt arising out of Defendant's dog having attacked and injured Plaintiff does not fall under the exception to discharge provided by §523(a)(6) of the Bankruptcy Code as a matter of law. Defendant contends that there is no genuine issue of material fact that the "willful and malicious" elements of §523(a)(6) cannot be met by Plaintiff. Conversely, in her Response, Plaintiff contends that the debt represented by her claim of gross negligence and other theories falls under the exception to discharge for willful and malicious injury based on §523(a)(6), and therefore genuine issues of material fact exist that preclude summary judgment in favor of Defendant. Plaintiff argues that Defendant's alleged gross negligence satisfies the "willful and malicious" standard required by §523(a)(6) to except her debt for injuries from Defendant's bankruptcy discharge. *See* Response (dkt no. 14, ¶6).

In the context of §523(a)(6), the U.S. Supreme Court has held that the statutory term "willful" modifies the term "injury" in the statute. So, according to the highest Court, a debt **is not** discharged if it arises from a deliberate or intentional "injury"; but a debt **is** discharged if it arises from a merely deliberate or intentional "act" that leads to injury. See *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). Stated another way by the Fifth Circuit, for the debt to be excepted from discharge, the debtor must have intended the actual injury that resulted, not just performed an intentional act that resulted in injury. *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 603 (5th Cir. 1998) (citing *Corley v. Delaney (In re Delaney)*, 97 F.3d 800, 802 (5th Cir. 1996)).

Based on the *Kawaauhau* decision, the Fifth Circuit has folded willful and malicious standard of §523(a)(6) into a unitary concept, requiring that the debtor have acted with "objective substantial certainty or subjective motive" to inflict injury, for the debt to be excluded from discharge. *Miller,* 156 F.3d at 603, 606; *see also Williams*, 337 F.3d at 509. And as the Fifth Circuit recognized based on *Kawaauhau*, "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of §523(a)(6)". *Miller,* 156 F.3d at 603 (citing *Kawaauhau*, 523 U.S. at 64).

Here, Plaintiff contends in her Response that her pleading of "gross negligence" is commensurate, under Texas law, with the "willful and wanton standard" needed to deny dischargeability under §523(a)(6). This not only is an improper statement of the legal standard under §523(a)(6) (which is "willful and malicious"), but also reaches the

4

incorrect conclusion about the gross negligence standard under Texas law. Simply put, the gross negligence standard under Texas law is not the same "willful and malicious" standard under §523(a)(6) of the Bankruptcy Code. The Texas Supreme Court has declared that the definition of "gross negligence" is synonymous with "heedless and reckless disregard." *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 920 (Tex. 1981); see also *Trevino v. Lightning Laydown, Inc.*, 782 S.W.2d 946, 949 (Tex.Civ. App.–Austin 1990, writ den'd)(defendant cannot be grossly negligent without also being negligent). But both the U.S. Supreme Court and the Fifth Circuit have recognized that: (a) §523(a)(6) of the Bankruptcy Code does not except from discharge a debt arising from recklessly or negligently inflicted injuries; and (b) the act of the debtor must have been intended to cause injury for the debt to be excepted from discharge under §523(a)(6). *Kawaauhau*, 523 U.S. at 64; *Miller,* 156 F.3d at 603, 608.

Just as importantly (and as pointed out by Defendant), the Fifth Circuit has specifically dealt with the discharge of a debt for a "dog bite" injury under §523(a)(6) of the Bankruptcy Code. *See Kelt v. Quezada (In re Quezada)*, 718 F.2d 121 (5th Cir. 1983). In *Quezada,* the debtors maintained a vicious dog within their fenced premises in a crowded neighborhood and had knowledge that the vicious dog had previously bitten a child. When the debtor opened the fence gate, the dog escaped and attacked the plaintiff child without provocation.  718 F.2d at 122. The Fifth Circuit held, in affirming the bankruptcy court and district court, that the debt from this dog bite injury was not excepted from discharge for "willful and malicious injury" by the debtor under §523(a)(6). 718 F.2d at 123.

Here—the facts alleged by Plaintiff in her Complaint, and more importantly the summary judgment evidence submitted by Plaintiff —do not raise a genuine issue of material fact that Defendant "willfully and maliciously" injured Defendant within the scope of §523(a)(6). At best, what Plaintiff alleges is that Defendant owned a dog that has attacked others before, and the Defendant allowed her dog freedom that resulted in Plaintiff being attacked and injured. *See* Plaintiff's Response, where Plaintiff states that the injury was willful and malicious because Defendant "had knowledge that her dog had bitten at least one other person and still let the dog to go at liberty and bite again" (dkt no. 14, ¶1, Ex. D). Although not identical, these are substantially the same facts presented to the Fifth Circuit in *Quezada* where the debt was found to be dischargeable and not within the §523(a)(6) exception to discharge for "willful and malicious injury" by the debtor.

This is not to say that a dog bite may never be considered a "willful and malicious injury" by a debtor-- as it is possible a dog owner/debtor may instruct or otherwise intentionally cause a dog to attack someone else intending to cause injury—but those are not the facts pled by Plaintiff or established in the summary judgment record here. Plaintiff fails to allege (or support with summary judgment evidence) any facts that could establish a contention that Defendant ordered, caused, or intended for Defendant's dog to attack and injure Plaintiff, much less any facts indicating Defendant deliberately intended to injure Plaintiff.

In her Response, Plaintiff relies on the case of *In re Rines*, 18 B.R. 666 (Bankr. M.D.Ga. 1982), for the proposition that Defendant's conduct rises to the level of "willful and malicious injury" as required by §523(a)(6). In *Rines*, the bankruptcy court found that debtors who allowed their dog, which the debtors knew had previously attacked people, to freely roam about their neighborhood, were not discharged from a debt that arose when the dog attacked and injured someone in their neighborhood. In the view of the *Rines* court, the debtor's conduct of letting their dog, which was known to be aggressive, freely roam about in the public satisfied the "willful and malicious" standard of §523(a)(6).

Plaintiff's reliance on *Rines* however is misplaced. First of all, the Fifth Circuit in *Quezada* expressly disagreed with the rationale of the *Rines* decision of the bankruptcy court in Georgia. *Quezada*, 718 F.2d at 123. Second, the decision in *Rines* was based on the rationale that Congress did not intend to overrule the reckless-disregard standard set forth in the 1904 decision of U.S. Supreme Court in *Tinker v. Colwell*, 193 U.S. 472 (1904). However, in its much more recent decision in *Kawaauhau*, the U.S. Supreme Court addressed the 1904 decision in *Tinker*, and found that reckless acts are not sufficient to establish that the resulting injury was "willful and malicious" under §523(a)(6). *Kawaauhau*, 523 U.S. at 63-64; *see also Quezada*, 718 F.2d at 122 (where the Fifth Circuit noted that the amendment to §523(a)(6) of the Bankruptcy Code intended to legislatively overrule the reckless disregard standard for nondischargeability and overrule the 1904 decision in *Tinker* to the extent it applied a reckless disregard standard).

Finally, the Court's conclusion that Plaintiff's claim against Defendant is discharged, is also consistent with the general bankruptcy policy that discharge exceptions are to be narrowly construed in favor of the debtor, since the aim of the Bankruptcy Code is to give the debtor (here Defendant) a fresh start. *See Miller*, 156 F. 3d at 602 (supporting citations omitted).

The Court concludes, for any and all of these reasons, that there is no genuine dispute as to a material fact and that as a matter of law, there has not been a "willful and malicious" injury by Defendant to Plaintiff under §523(a)(6) of the Bankruptcy Code. Accordingly, the Court finds that the Motion of Defendant seeking summary judgment must be granted and the relief sought by Plaintiff in her Complaint must be denied.

The Court notes that Defendant has filed counterclaims against Plaintiff seeking recovery of attorneys fees, expenses and costs against Plaintiff. However, under §523(d) of the Bankruptcy Code, a debtor-defendant is entitled to recover costs and attorneys fees against a creditor-plaintiff under certain circumstances and only if a debtor-defendant prevails in a dischargeability action brought by a creditor-plaintiff under §523(a)(2). *See* 11 U.S.C. §523(d). Here, Plaintiff brought this dischargeability action under §523(a)(6)—not §523(a)(2). Accordingly the Court finds that Defendant's counterclaims for attorney fees and expenses should be denied. This will also enable the Court to enter a final judgment in this adversary proceeding that disposes of all issues and claims.

6

## VI. CONCLUSION AND ORDER

In conclusion, for any and all of these reasons, there is no genuine dispute as to material fact and as a matter of law, there has not been a "willful and malicious" injury by Defendant to Plaintiff under §523(a)(6) of the Bankruptcy Code.

Accordingly, it is hereby

**ORDERED** that the Motion for Summary Judgment (dkt. no. 10) filed by Defendant is granted; it is further

**ORDERED** that Plaintiff's Complaint and all relief sought in the Complaint by Plaintiff is denied; it is further

**ORDERED** that Defendant's Counterclaims seeking recovery of attorneys fees and costs be denied.

A separate final judgment will be entered by the Court of even date herewith that incorporates this Opinion and Order.

###